TROY LAW, PLLC
Aaron Schweitzer (AS 6369)
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and
potential Rule 23 Class*

<u>Case No.</u> **18-cv-11347**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**-----------------------------------------------------------X**

YA TAO WANG, and
WEITIAN ZHANG,
*on their own behalf and on behalf of others similarly
situated*

Plaintiffs,
v.

AN DA NJ CONSTRUCTION LLC;
AN DA EMPIRE LLC;
AN DA EASTERN LLC;
AN DA GREEN ENERGY LLC;
BO LING WU a/k/a Boling Wu,
DAI BAO WU,
RUOBO CHEN,
CHIAN WEI WU, and
SHING WOAN WU a/k/a Jimmy Wu

Defendants.

**-----------------------------------------------------------X**

<u>**29 U.S.C. § 216(b)**</u>
<u>**COLLECTIVE ACTION &**</u>
<u>**FED. R. CIV. P. 23 CLASS**</u>
<u>**ACTION**</u>

**COMPLAINT**

Plaintiffs YA TAO WANG, and WEITIAN ZHANG (hereinafter referred to as

Plaintiffs), on behalf of themselves and others similarly situated, by and through their attorney,

Troy Law, PLLC, hereby bring this complaint against Defendants AN DA NJ

CONSTRUCTION LLC; AN DA EMPIRE LLC; AN DA EASTERN LLC; and AN DA

GREEN ENERGY LLC; BO LING WU a/k/a Boling Wu, DAI BAO WU, RUOBO CHEN,

CHIAN WEI WU, and SHING WOAN WU a/k/a Jimmy Wu, and allege as follows:

## **INTRODUCTION**

1.      This action is brought by the Plaintiffs YA TAO WANG, and WEITIAN ZHANG, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4.      Plaintiffs further allege pursuant NJWHL that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      From on or about March 01, 2015 to November 30, 2015 Plaintiff YA TAO WANG was employed by Defendants to work as a mechanic at An Da Construction.

8.      From on or about February 01, 2015 to March 01, 2016 Plaintiff WEITIAN ZHANG was employed by Defendants to work as a mechanic at An Da Construction.

## DEFENDANTS

### Corporate Defendants

9.      Defendant AN DA EMPIRE LLC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 309 Aycrigg Avenue, Passaic, NJ 07055.

10.     AN DA EMPIRE LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11.     AN DA EMPIRE LLC purchased and handled goods moved in interstate commerce.

12.     Defendant AN DA NJ CONSTRUCTION LLC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 111 US Highway 46, Fairfield NJ 07004.

13.     AN DA NJ CONSTRUCTION LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14.     AN DA NJ CONSTRUCTION LLC purchased and handled goods moved in interstate commerce.

15.     Defendant AN DA EASTERN LLC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 7 Peace Valley

Road, Towaco, NJ 07082.

16.    AN DA EASTERN LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

17.    AN DA EASTERN LLC purchased and handled goods moved in interstate commerce.

18.    Defendant AN DA GREEN ENERGY LLC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 7 Peace Valley Road, Towaco, NJ 07082.

19.    AN DA GREEN ENERGY LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

20.    AN DA GREEN ENERGY LLC purchased and handled goods moved in interstate commerce.

### Owner/Operator Defendants

21.    BO LING WU a/k/a Boling Wu, known as Boss to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

22.    BO LING WU a/k/a Boling Wu did hire both Plaintiffs.

23.    BO LING WU a/k/a Boling Wu paid cash to Plaintiffs every pay day.

24.    During Plaintiffs' employment, BO LING WU a/k/a Boling Wu did fire at least thirty (30) to forty (40) employees.

25.    BO LING WU a/k/a Boling Wu acted intentionally and maliciously and is an

employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

26.     DAI BAO WU, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

27.     DAI BAO WU is the daughter of BO LING WU.

28.     DAI BAO WU typically acted as the crew chief for all solar panel installations, as she can interpret between the crew and English-speaking customers.

29.     DAI BAO WU would pay if an employee came late and so did not receive his pay directly from BO LING WU.

30.     DAI BAO WU has the power to discipline employees and further, has the power to recommend BO LING WU to fire any employees who underperforms.

31.     DAI BAO WU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

32.     RUOBO CHEN, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate

and method of payment, and (4) maintained employee records at AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

33.     RUOBO CHEN co-owns the property at 7 Peace Valely Road, Towaco, NJ 07082 with DAI BAO WU.

34.     RUOBO CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

35.     CHIAN WEI WU, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

36.     CHIAN WEI WU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

37.     SHING WOAN WU a/k/a Jimmy Wu, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee

records at AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN

LLC; and AN DA GREEN ENERGY LLC.

38.     SHING WOAN WU A/K/A JIMMY WU acted intentionally and maliciously

and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated

thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is

jointly and severally liable with AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC;

AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

## STATEMENT OF FACTS

### Defendants Constitute a Joint Enterprise

39.     Upon information and belief, Corporate Defendants AN DA EMPIRE LLC; AN

DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY

LLC are joint employers of Plaintiffs and constitute an enterprise as the term is defined by 29

USC §203(r) insofar as the share staff, including Plaintiff, pay Plaintiff as the shareholders of

the enterprise, and are otherwise engaged in related activities performed through unified

operation and/or common control for a common business purpose, and are co-owned by the

same partners.

40.     For instance, Plaintiffs install solar panels for roughly five seventh (5/7) of the

week while doing construction for roughly two seventh (2/7) of the week.

41.     As such, Plaintiffs typically perform work which may be properly categorized

as part of the job performed by AN DA GREEN ENERGY LLC.

42.     However, whenever there is a rainy day or when there are no solar panel

installation orders, Plaintiffs would function as regular construction workers on behalf of AN

DA NJ CONSTRUCTION LLC.

43.     Regardless of which function Plaintiffs perform, Plaintiffs would be paid by AN DA NJ CONSTRUCTION LLC.

44.     In addition, Plaintiffs' uniform and the transportation van would also bear the logo of An Da Construction.

45.     At all times relevant herein, AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

46.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by AN DA EMPIRE LLC; AN DA NJ CONSTRUCTION LLC; AN DA EASTERN LLC; and AN DA GREEN ENERGY LLC.

47.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

48.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

49.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

50.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

51.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

52.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

53.     Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

### *Plaintiff YA TAO WANG*

54.     From on or about March 01, 2015 to November 30, 2015, Plaintiff YA TAO WANG was employed by Defendants to work as a mechanic at An Da Construction.

55.     Plaintiff YA TAO WANG's job duties include doing mechanic, cleaning the house, cooking the dinner, mowing the lawn and doing the tools.

56.     From on or about March 01, 2015 to November 30, 2015, Plaintiff YA TAO WANG's regular work schedule ran from from 07:00 to 22:00, with no break, for fifteen (15) hours a day, with around half of the time for six (6) days for ninety (90) hours and the other half of the time for seven (7) days for one hundred and five (105) hours for an average of ninety seven and a half hours plus an extra hour to stay for at least one (1) day each week for a total of 98.50 hours each week.

57.     At all relevant times, Plaintiff YA TAO WANG did not have a fixed time for lunch or for dinner.

58.     From on or about March 01, 2015 to April 30, 2015, Plaintiff YA TAO WANG was paid a flat compensation at a rate of one hundred twenty dollars ($120.00) per

day.

59.     From on or about May 01, 2015  to June 30, 2015 , Plaintiff YA TAO WANG was paid a flat compensation at a rate of one hundred twenty-five dollars ($125.00) per day.

60.     From on or about July 01, 2015  to August 31, 2015 , Plaintiff YA TAO WANG was paid a flat compensation at a rate of one hundred thirty dollars ($130.00) per day.

61.     From on or about July 01, 2015  to November 30, 2015 , Plaintiff YA TAO WANG was paid a flat compensation at a rate of one hundred thirty-five dollars ($135.00) per day.

62.     At all relevant times, Plaintiff YA TAO WANG was not paid overtime pay for overtime work.

63.     Throughout his employment, Plaintiff YA TAO WANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

### Plaintiff WEITIAN ZHANG

64.     From on or about February 01, 2015 to March 01, 2016, Plaintiff WEITIAN ZHANG was employed by Defendants to work as a mechanic at An Da Construction.

65.     From on or about February 01, 2015 to December 31, 2015, Plaintiff WEITIAN ZHANG's regular work schedule ran from from 07:00 to 21:00 for fourteen (14) hours a day,with around eighty percent (80%) of the weeks for six (6) days and eighty four (84) hours, and around twenty percent (20%) of the weeks for seven (7) days and ninety eight hours for an average of eighty seven (87) hours a week for a total of 84.00 hours each week. From on or about January 01, 2016 to March 31, 2016, Plaintiff WEITIAN ZHANG's regular work schedule ran from from 07:00 to 21:00 for fourteen (14) hours a day for six (6) days and

eighty four (84) hours a week for a total of 84 hours each week.

66.     At all relevant times, Plaintiff WEITIAN ZHANG did not have a fixed time for lunch or for dinner.

67.     From on or about February 01, 2015 to March 31, 2015, Plaintiff WEITIAN ZHANG was paid a flat compensation at a rate of one hundred ten dollars ($110.00) per day.

68.     From on or about April 01, 2015  to May 31, 2015 , Plaintiff WEITIAN ZHANG was paid a flat compensation at a rate of one hundred fifteen dollars ($115.00) per day.

69.     From on or about June 01, 2015  to July 31, 2015 , Plaintiff WEITIAN ZHANG was paid a flat compensation at a rate of one hundred twenty dollars ($120.00) per day.

70.     From on or about June 01, 2015  to September 30, 2015 , Plaintiff WEITIAN ZHANG was paid a flat compensation at a rate of one hundred twenty-five dollars ($125.00) per day.

71.     From on or about October 01, 2015  to November 30, 2015 , Plaintiff WEITIAN ZHANG was paid a flat compensation at a rate of one hundred thirty dollars ($ 130.00) per day.

72.     From on or about December 01, 2015  to January 31, 2016 , Plaintiff WEITIAN ZHANG was paid a flat compensation at a rate of one hundred thirty-five dollars ($ 135.00) per day.

73.     From on or about February 01, 2016  to March 01, 2016 , Plaintiff WEITIAN ZHANG was paid a flat compensation at a rate of one hundred forty dollars ($140.00) per day.

74.     Together with another driver, Plaintiff WEITIAN ZHANG acted as the driver who transported employees back and forth from Flushing to New Jersey, or installation sites including at Staten Island and the Bronx.

75.     For driving the round-trip back and forth, Plaintiff WEITIAN ZHANG is paid an extra ten dollars ($10) a day.

76.     In addition to this pay, Plaintiff WEITIAN ZHANG reveived fifty dolllars on weekends for driving his own car round-trip to bring five (5) employees to work to New Jersey from Flushing and back.

77.     This fifty dollars ($50) includes the toll fee.

78.     Plaintiff WEITIAN ZHANG needed to pay ten dollars ($10) for lodging and boarding to the employer for each day worked in return for living in the basement.

79.     At all relevant times, Plaintiff WEITIAN ZHANG was not paid overtime pay for overtime work.

80.     Throughout his employment, Plaintiff WEITIAN ZHANG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

81.     Throughout his employment, Plaintiff WEITIAN ZHANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

82.     Plaintiffs bring this action individually and as class representative individually

and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

83.     Plaintiffs bring their NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

84.     All said persons, including Plaintiffs, are referred to herein as the "Class."

85.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

86.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

87.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiffs and the Class within the meaning of the NJWHL;

b.     Whether Plaintiffs and Class members are paid at least the minimum wage for all hours worked under the NJWHL;

c.     Whether Plaintiffs and Class members are entitled to and paid overtime at their promised hourly wage or the minimum wage, whichever is higher, under the NJWHL;

d.     Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

e.     Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

f.     At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

88.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses,

injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

89.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### Superiority

90.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the

impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

91.     Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]**

92.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

93.     At all relevant times, Plaintiffs are employed by Defendants within the meaning of NJWHL.

94.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

95.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

96.     An employer who fails to pay the minimum wage shall be liable, for their full

unpaid minimum wage, damages for unreasonably delayed payment of wages, reasonable

attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et*

*seq*.

**COUNT II.**
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

97.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

98.     The FLSA provides that no employer engaged in commerce shall employ a

covered employee for a work week longer than forty (40) hours unless such employee

receives compensation for employment in excess of forty (40) hours at a rate not less than one

and one-half times the regular rate at which he is employed, or one and one-half times the

minimum wage, whichever is greater. 29 U.S.C. § 207(a).

99.     The FLSA provides that any employer who violates the provisions of 29

U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime

compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

100.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime

pay violated the FLSA.

101.     At all relevant times, Defendants had, and continue to have, a policy of

practice of refusing to pay overtime compensation at the statutory rate of time and a half to

Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours

per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*,

including 29 U.S.C. §§ 207(a)(1) and 215(a).

102.     The FLSA and supporting regulations required employers to notify employees

of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

103.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

104.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT III.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]**

105.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

106.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

107.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

108.     By failing to pay Plaintiffs and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the

action pursuant to NJWHL §§ 34:11-56a *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

i)      An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 9% simple prejudgment interest provided by NYLL, post-judgment interest, and attorney fees and costs;

j)      The cost and disbursements of this action;

k)      An award of prejudgment and post-judgment fees;

l)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York

July 3, 2018

TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class*


/s/ Aaron Schweitzer

Aaron Schweitzer
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com